**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES B. BRIEGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-00917-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff James B. Briegel ("Plaintiff") petitions for review of an adverse decision by

Defendant, the Acting Commissioner of Social Security ("Commissioner").  Plaintiff applied for

disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.  The

Administrative Law Judge ("ALJ") found Plaintiff had the severe impairment of chronic

pancreatitis, but retained the residual functional capacity ("RFC") to perform his past relevant

work as a computer security specialist.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's

opinion is supported by substantial evidence on the record as a whole.  The Commissioner's

decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated

here only to the extent necessary.

Plaintiff filed his application on March 7, 2013, alleging a disability onset date of January

9, 2013.  The Commissioner denied the application at the initial claim level, and Plaintiff

appealed the denial to an ALJ.  The ALJ held a hearing, and on November 6, 2014, issued a

decision finding Plaintiff was not disabled. The Appeals Council reviewed the ALJ's decision and corrected the date last insured from January 31, 2014 to December 31, 2014. While the Appeals Council found this left an unadjudicated period from January 31, 2014 to December 31, 2014, it determined this made no change to the ALJ's decision to deny benefits, affirming all other aspects of the ALJ's decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred in: (1) formulating the RFC; (2) weighing the medical opinions; (3) discounting Plaintiff's credibility; and (3) failing to make explicit findings of the demands of Plaintiff's past relevant work. After reviewing the record and the applicable law, the Court finds these arguments are without merit.

**I.      The ALJ did not err in formulating the RFC.**

Plaintiff makes several arguments relating to the ALJ's formulation of his RFC: (1) the ALJ failed to assess the RFC on a function-by-function basis; (2) the RFC does not include all of Plaintiff's mental limitations; and (3) the ALJ mischaracterized a third-party statement from Plaintiff's mother.

First, Plaintiff argues under SSR 96-8p, the ALJ is required to conduct a function-by-function assessment before expressing the RFC in terms of exertional level. *See* SSR 96-8p, 1996 WL 374184 (July 2, 1996). SSR 96–8p requires an ALJ to consider all relevant evidence, and then explain how the evidence supports his conclusions in a narrative description. It does not require the ALJ to discuss every possible functional limitation. *See Depover v. Barnhart,* 349 F.3d 563, 567 (8th Cir. 2003) (holding no violation of SSR 96–8p where ALJ made explicit findings in the RFC assessment, despite not making explicit findings with respect to sitting, standing, and walking). A review of the ALJ's decision shows the ALJ complied with SSR 96–8p. The functions addressed by the ALJ's RFC assessment were the ones where the ALJ found a limitation, and the functions omitted were those the ALJ found were not limited.

---

determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Second, Plaintiff argues the ALJ did not conduct a mental RFC assessment. This argument is contrary to the well-established rule that it is the claimant's burden to prove his RFC. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2011). Plaintiff does not point to any record evidence that his mental impairments create limitations beyond what is included in his RFC. The Court finds the ALJ thoroughly discussed Plaintiff's mental impairments and found they were non-severe. R. at 591, 594, 637, 641, 671.

Third, Plaintiff complains the ALJ mischaracterized his mother's third-party statement as suggesting that because Plaintiff helps with some housework, he is capable of working fulltime. The Social Security Administration separates information sources into two main groups: acceptable medical sources and other sources. 20 C.F.R. § 404.1513(d). An ALJ has more discretion in weighing opinions from other sources and may consider "any inconsistences found within the record" when discounting those opinions. *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005). Here, the ALJ assigned the statement from Plaintiff's mother some weight and found her statements were generally consistent with the record—that Plaintiff retained the capacity to perform light work with limitations. R. at 28. The ALJ did not find, as Plaintiff argues, that he is not disabled because he helps with housework. Thus, the ALJ did not err by considering this third-party statement as part of all of the record evidence in determining Plaintiff could perform light work.

## II. The ALJ did not err in weighing the medical opinions.

Plaintiff argues the ALJ erred in discounting the opinions of Dr. Zink and by affording "most weight" to State agency psychologist, Keith Allen, Ph.D. ("Dr. Allen"), and "significant weight" to State agency physician, Kevin Smith M.D. ("Dr. Smith").

Where the record contains differing medical opinions, it is the ALJ's responsibility to resolve conflicts among them. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). In weighing a medical opinion, the ALJ should consider the length, frequency, nature, and extent of the treatment relationship, supportability, consistency with the record as a whole, specialization of the treating source, and other factors supporting or contradicting the opinion. 20 C.F.R § 404.1527(c). An ALJ may discount medical evidence where it is inconsistent with the medical evidence as a whole and relies on the incredible subjective complaints of a claimant. *See Burrell v. Berryhill*, No. 1:15CV190RLW, 2017 WL 1058137, at \*8-9 (E.D. Mo. Mar. 20, 2017) (discounting treating physician's opinion where it was inconsistent with the treatment record and relied on claimant's subjective complaints) (citing *Teague v. Astrue*, 638 F.3d 611, 615-16 (8th Cir. 2011) (discounting treating physicians' opinions where the form cited no clinical test results, treatment notes were inconsistent with RFC assessment, and the opinions were based on plaintiff's subjective complaints)).

The ALJ gave Dr. Zink's opinions little weight because she found they were inconsistent with the record evidence, inconsistent with his treating notes, the short duration of the treating relationship, and statements were conclusory and commented on issues reserved for the Commissioner. R. at 24, 25-26, 29. The record supports these reasons and thus, the ALJ did not err by discounting Dr. Zink's opinion.

The ALJ stated she gave Dr. Allen's opinion significant weight because it was consistent with the medical evidence of record. R. at 25. She gave Dr. Smith's opinions great weight, because it was consistent with the medical evidence of record and Plaintiff's history of performing light work unrestricted for the month prior to his alleged onset date. R. at 30. Although Plaintiff complains that neither Dr. Allen nor Dr. Smith examined him, Plaintiff does

not dispute that their opinions are consistent with the medical records as a whole, nor could he. There is credible medical evidence in the record supporting their opinions, thus the ALJ did not err.

**III.     The ALJ did not err in weighing Plaintiff's credibility.**

Plaintiff argues the ALJ erred because she discounted his credibility after finding he made inconsistent statements about his past substance abuse and use of opiates.

Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). When the ALJ discounts a claimant's credibility, he must explain why he did so. *Lowe v. Apfel*, 226 F.3d 969, 971 (8th Cir. 2000). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003). The ALJ may discount a claimant's subjective complaints when there are inconsistencies in the evidence as a whole. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

The ALJ considered several factors in determining Plaintiff's allegations of disabling pain were only partially credible, including that he made inconsistent statements.   R. at 28. After a review of the record, the court finds the ALJ's finding is supported by the record evidence, and thus the ALJ did not err. *Compare* R. at 44 (Plaintiff testified at his hearing that he was not currently using alcohol and has been sober for the last four years, excluding a few slips), *with* R. at 225, 232, 321, 221, 314, 422, 425 (medical records indicate Plaintiff sought medical treatment after consuming alcohol in July 2012, August 2012, and November 2012), *and* R. at 609 (In March 2013, Plaintiff admitted to abstaining from alcohol for the last several months); *compare* R. at 145, 149, 157, 158, 161 (Plaintiff alleged in his disability paperwork he

suffers from fatigue), *with* R. at 591, 594, 597 (Plaintiff denied symptoms of fatigue to his doctor).

**IV. The ALJ made the necessary findings in determining Plaintiff could perform his past relevant work.**

Lastly, Plaintiff argues the ALJ erred by failing to make explicit findings as to the physical and mental demand of Plaintiff's past relevant work. An "ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant is capable of doing before the ALJ determines that [he] is able to perform [his] past relevant work." *Young v. Astrue*, 702 F.3d 489, 491 (8th Cir. 2013) (emphasis in original). However, an ALJ "may discharge this duty by referring to the specific job descriptions in the *Dictionary of Occupational Titles* (DOT) that are associated with the claimant's past work." *Id.*

Here, the vocational expert ("VE") testified that Plaintiff's past relevant work as a computer security specialist was DOT number 033.362.010, classified as sedentary work, and light work as performed by Plaintiff. R. at 57. The ALJ fulfilled its duty to determine whether Plaintiff could perform his past relevant work.

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   December 6, 2017              /s/ Greg Kays
                                               GREG KAYS, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT